FILED

UNITED STATES DISTRICT COURT 2003 OCT 22 P 1: 41

DISTRICT OF CONNECTICUT     US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| THOMAS SANDERS | : | CIVIL ACTION NO: |
| Plaintiff | : | ~~3:98CV01934 (CFD)~~ |
| | : | |
| v. | : | 3:00CV 740 (CFD) |
| | : | |
| PHILIP LaFLEUR, GERALD HINES, | : | |
| MICHAEL GLOVER AND JOHN | : | |
| ARMSTRONG | : | OCTOBER 22, 2003 |
| Defendants | : | |
| | : | |

### DEFENDANT PHILIP LAFLEUR'S PROPOSED JURY INSTRUCTIONS

The defendant, Philip LaFleur, concurs with the proposed jury instructions filed by Defendants Gerald Hines and Michael Glover and proposes the following jury instructions be adopted by the Court in addition to those submitted by Defendants Hines and Glover.

I.

### SYMPATHY OR PITY

You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law to those facts as the Court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy,

prejudice, or public opinion.  The Court, the parties, and the public expect you will carefully and impartially consider all the evidence in this case, follow the law as stated by the Court, and reach a just verdict free from personal sympathies or prejudice.

> 2 Devitt & Blackmar, <u>Federal Jury</u>
> <u>Practice & Instructions</u>, § 71.02, p. 586;
> <u>Gigliotti v. United Illuminating Co.</u>, 151
> Conn. 114, 121, 193 A.2d 718 (1963)

II.

## <u>CREDIBILITY</u>

It is the jury's function to determine the credibility of witnesses and the weight to be given to their testimony. No fact is, of course, to be determined merely by the number of witnesses testifying for or against.   It is quality, not quantity, of testimony that controls.

The credibility of a witness may be impaired or completely destroyed by impeaching testimony.  It may be impaired by cross-examination; it may be affected by the appearance of the witness upon the stand; by his interest; his apparent bias and by his evident ignorance to facts to which he testifies.  You may consider these matters in weighing the testimony in this case.

In passing on the credibility of each of the witnesses, there are certain considerations you may well have in mind:

Ask whether the story a witness has told is
plausible.  Does it ring true?  Or are there
inconsistencies in it?  How does it fit in
with other evidence in the case that you
believe and other facts you find to have
existed?  Does it mesh with that evidence
and those facts?

You may well ask yourselves in passing on
the credibility of any witness whether that
witness has any bias or prejudice with
regard to any party to the action and, if
so, whether he has permitted that bias or
prejudice to color his testimony.  A jury
should always bear in mind that if a witness
has a decided bias or prejudice, or has interest
in the outcome of the case, that there lurks the
temptation to sway or shade one's testimony.

In assessing witnesses' testimony, you may
properly apply your knowledge of human
nature and of the motives that influence and
control human action.  You have the right to
bring to bear upon testimony in court the
same tests of veracity that would be used in
the everyday affairs of life.  You are at liberty
within your own sound judgment to choose
what testimony you will believe and to
discard in whole or in part the testimony of
any others.

If you find that there has been an inaccuracy in one respect
upon the part of a witness, remember it in judging the rest of his
testimony, and give to it that weight which your own minds lead you
to think it ought to have.  If you conclude that a witness has not
only testified falsely, but that he has done so intentionally or
willfully, this fact casts a very serious doubt upon all his
testimony and you might well conclude that you cannot accept any of

it.  That is, however, a matter for you to determine; whether you
should regard none or all of his testimony or believe some parts of
it is for you to decide.

> Wright, Connecticut Jury Instructions,
> (2d ed. 1975) Vol. II, §§ 640, 645;
> See Connelly v. Connecticut Co., 107
> Conn. 236 (__?);
> Wright, Connecticut Jury Instructions,
> (2d ed. 1975) Vol. III, § 318;
> State v. Segar, 96 Conn. 420, 428 (1921);
> Leitzes v. F.L. Caulking Auto. Co., 123
> Conn. 459, 461 (1937).

III.

### SPECULATION

In weighing the evidence, you are allowed to draw logical
inferences from facts that you find to have been provided; but you
may not go outside of the evidence to find the facts, nor to resort
to guesswork or conjecture.

While you may make deductions and draw conclusions from proven
acts, you may not draw inferences from their inferences.  Likewise,
you should be careful to avoid resorting to speculation, conjecture
or guesswork to determine critical facts in this case.

> Meade v. Warehouse Transport, Inc.,
> 165 Conn. 533 (1973);
> Toomey v. Danaher, 161 Conn. 204
> (1971).

IV.

## BURDEN OF PROOF AND PREPONDERANCE

The mere fact that the plaintiff is here in Court with claims for damages against the defendant does not in and of itself prove the truth of plaintiff's allegations; nor does it necessarily follow that his claims have merit.  Rather, in order for the plaintiff to recover from the defendant, he must prove each and every essential element of his claims by what is described in the law as a "preponderance of the evidence."  If you find that any of the elements of plaintiff's case has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

This rule does not require proof to an absolute certainty; proof to an absolute certainty is seldom possible in any case. Rather, to prove a fact by a fair preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means that kind of evidence which, when compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is claimed to be provided is more likely true than not true. Accordingly, if after weighing all the evidence bearing on the question of the defendant's liability in this case you find what

the plaintiff claims to be true is more likely true than not true, then the plaintiff will have met his burden of proof. On the other hand, if you find that all the evidence bearing on the question of the defendant's liability is evenly balanced, then the plaintiff will have failed to meet his burden of proof.

Of course, it is impossible literally to weigh the evidence on a pair of scales. Nevertheless, it may be helpful to you in discharging your duty to find the facts in this case if you ask yourselves with respect to each disputed issue of fact in the case how all the evidence would balance if you placed it on an imaginary pair of scales. If all the evidence presented by both sides on a particular issue of fact caused the scales to strike an even balance, then the plaintiff would have failed to meet his burden of proof on that issue. In other words, if you cannot determine whether an allegation of fact has been proven or not proved, you should find for the defendant on that issue.

The defendant has the burden of proving each element of his affirmative defenses. If you find that any one of the elements of defendant's affirmative defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

> Rochin v. California, 342 U.S. 165 (1952);
> Jones v. Marshall, 528 F.2d 132, 139 (2d Cir. 1975);

Leite v. Providence, 463 F.Supp. 585, 591 (D.R.I. 1978).

Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

## ADDITIONAL REQUESTS

The defendant respectfully requests leave to supplement his request for jury instructions after the evidence and prior to the charging conference.  This request is made with caution and on the theory that the defendant cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

```
                    DEFENDANT
                    PHILIP LAFLEUR


          By: _____
              Stephen F. McEleney
              His Attorney
              McEleney & McGrail
              363 Main Street
              Hartford, CT 06106
              Federal Bar No: Ct 04073
              Telephone No: (860) 249-1400
              Facsimile No: (860) 549-5865
              E-mail: stephen@mceleneylaw.com
```

<u>CERTIFICATION</u>

I certify that a copy of the foregoing was sent via first class U.S. mail to the following counsel of record this 22 day of October, 2003:

Diane Polan, Esq.
129 Church Street, Suite 802
New Haven, CT 06510

Terrence O' Neill, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06106

_____
Stephen F. McEleney